## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

PEDRO ENRIQUE PEREZ-VELEZ,

    Plaintiff,

    v.                                                      Civil No. 23-1072 (ADC)

ESJ RESORT, LLC,

    Defendant.

## OPINION AND ORDER

Pedro Enrique Pérez-Vélez ("plaintiff") filed this removed action due to alleged architectural barriers he encountered at the Fairmont El San Juan Hotel, in San Juan, Puerto Rico. **ECF No. 1-2**. The complaint includes claims for relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101, *et seq*, damages under an unidentified federal statute, and Puerto Rico tort liability. *Id*.

Defendant, ESJ Resort, LLC, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 7**. For the following reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

## I.      Discussion

### A.      Title III claims

Defendant first argues that the complaint "does not set-forth a *prima facie*" case. **ECF No. 7** at 2-3. However, "[a]lthough the elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim, it is not necessary to plead facts sufficient to establish a *prima facie* case in order to survive a motion to dismiss." *Medina–Rodríguez v. Fernández Bakery, Inc.*, 255 F.Supp.3d 334, 341 (D.P.R. 2017)(quoting *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013)).[1]

Defendant also argues that "none of [plaintiff's] allegations are grounded on scientific instruments or evidence" thus he can only "speculate[] as to the specific measurements of the purported ADA violations." *Id.*, at 4-5. However, nothing in Fed. R. Civ. P. 8 requires a plaintiff to plead based on measurements taken with "scientific" instruments. Moreover, at this stage the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d at 52 (citation and internal quotation marks omitted).

---

[1] Defendant argues that the complaint lacks allegations regarding a "pre-litigation request to ESJ Resort to modify any policy, practice or procedure to accommodate his purported disability." **ECF No. 7** at 4. Although the Court could not find specific allegations regarding such notice, plaintiff suggested in his response that he did give notice. **ECF No. 8** at 4 ("Plaintiff´s partner did inform the defendant about the disability of her husband and made a request for reasonable accommodation."). Because the motion to dismiss is denied without prejudice this is neither a make nor break issue at this stage. Thus, the Court need not address it herein.

Defendant goes on to argues that the "facility" (El San Juan Hotel) was built in a different time period, than that alleged in the complaint, and requests that the Court take judicial notice of the El San Juan Hotel's web page in order to reject plaintiff's allegations. **ECF No. 7** at 7 and n.31. Moreover, defendant contends that plaintiff's "osteopenia" condition "does not constitute a substantial impairment, thus being insufficient to trigger Title III's precepts." *Id*., at 9. Considering that the Court takes as true the well-pleaded allegation of the complaint, these issues are certainly not ripe to be dealt with at this stage. *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) ("take the complaint's well-[pleaded] *i.e.*, non-conclusory, non-speculative facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.").

Moreover, although the complaint plainly states that the barriers are removable (at least in some degree), defendant attacks the plausibility of such averments. Once again, defendant forgets we are at a motion to dismiss stage. "Although [plaintiff] fails to specify exactly how each of the barriers would be easily removed, in order to survive a Rule 12(b)(6) motion he need only allege a plausible claim that their removal is readily achievable." *Medina–Rodríguez v. Fernández Bakery, Inc.*, 255 F.Supp.3d at 343; *Schatz,* at 55.

For the reasons stated above, the Court denies without prejudice defendant's motion to dismiss plaintiff's Title III claims at this stage. Defendant is granted 14 days to file an answer to the complaint.

### B.     Puerto Rico tort claims

Finally, citing several on-point cases from sister district courts, defendant moved to dismiss plaintiff's claims under Puerto Rico's tort general statute, PR Laws Ann. tit. 31, § 10801. **ECF No. 7** at 11-12. In response, plaintiff simply stated: "[i]n [c]onclusion the Court should deny defendants motion as to the state law tort claim." **ECF No. 8** at 10. However, aside from that single conclusory sentence, there is no discussion in support. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990); *see also McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir. 1991)(deeming an argument waived when it was "made passing mention… comprised two sentences and one citation []to a tangentially relevant case[…]" and "failed to provide any analysis of the statutory scheme, to present any legal authority directly supporting their thesis."); *see* Local Civil Rule 7 (requiring that all matters presented to the Court "incorporat[e] a memorandum of law as appropriate, including citations and supporting authorities").

Contrary to plaintiff's unsupported prayer that his Puerto Rico tort claims not be dismissed, it is well settled that a claim brought under the general tort statute is not cognizable where it "arises from the same facts as plaintiff's claims under the ADA." *Román v. Hatillo Cash and Carry, Inc.*, 2019 WL 8759095, at *6 (D.P.R. 2019)(quoting *Aguirre v. Mayaguez Resort and Casino, Inc.*, 59 F.Supp.3d 340, 357 (D.P.R. 2014)); *Arroyo-Flores v. IPR Pharm., Inc.*, 15-cv-1998, 2017 WL 944194, at *20 (D.P.R. Mar. 9, 2017); *Irizarry-Santiago v. Essilor Industries*, 982 F.

Supp. 2d 131, 140 (D.P.R. 2013); *Rivera-Meléndez v. Pfizer Pharm., Inc.*, 747 F. Supp. 2d 336, 339 (D.P.R. 2010); *Medina v. Adecco*, 561 F. Supp. 2d 162, 175-76 (D.P.R. 2008)); *Santiago Ortiz v. Caparra Ctr. Associates, LLC*, 261 F. Supp. 3d 240, 250 (D.P.R. 2016); *Orellano-Laureano v. Instituto Medico del Norte, Inc.*, 2023 WL 4532418, at *6 (D.P.R. 2023); *Sierra-Morales v. Sistema Universitario Ana G. Méndez Incorporado*, 2023 WL 2926243, at *6 (D.P.R. 2023).

Counsel for plaintiff is granted 14 days to show cause why sanctions should not be imposed under Fed. R. Civ. P. 11(b). *Id.*, ("By presenting to the court a pleading… an attorney… certifies that to the best of the person's knowledge… after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[…]"; *see also* Fed. R. Civ. P. 11(c)(3).

Plaintiff shall also show cause why his "claims" (if any) under the "Rehabilitation Act" should not be dismissed. **ECF No. 1-2** at 6.

## II.    Conclusion

For the reasons stated above, the motion to dismiss at **ECF No. 7** is **GRANTED IN PART AND DENIED IN PART**. Attorney Sergio Criado-Mangual's motions to withdraw as legal counsel at **ECF Nos. 17**, **19** are **GRANTED**.  Accordingly, the Court hereby Orders as follows:

- Defendant's motion to dismiss plaintiff's Title III claims is denied without prejudice at this stage.

- Defendant is granted 14 days to file an answer to the complaint.

- Defendant's request for dismissal of plaintiff's Puerto Rico law tort claims is granted. Thus, plaintiff's tort claims are dismissed with prejudice.

- Counsel for plaintiff is granted 14 days to show cause why sanctions should be imposed under Fed. R. Civ. P. 11(b)(1) and (2) for seeking clearly unavailable relief under Puerto Rico law contrary to caselaw and failing to support such request. Plaintiff shall also show cause why his "claims" (if any) under the "Rehabilitation Act" should not be dismissed. **ECF No. 1-2** at 6.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 26th day of March, 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**